**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| BRYAN ENRIQUE JUAREZ-HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03407-MBB |
| | ) | |
| JIM C. ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER DISMISSING CASE AS MOOT

On July 14, 2026, Petitioner Bryan Enrique Juarez-Hernandez petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argued that his mandatory detention pending removal proceedings violated the Fifth Amendment to the Constitution. (**Doc. 1**, pp. 18-19). On August 7, 2026, Respondents notified the Court that Petitioner "requested and received an order of voluntary departure to El Salvador and waived all appeals." (**Doc. 7**). Respondents suggested that the Court may dismiss this case as moot. (***Id.***). The Court ordered Petitioner to respond to Respondents' notice. (**Doc. 8**). Petitioner conceded that, on August 5, 2026, he requested and received a voluntary departure order and waived his right to appeal. (**Doc. 9**, p. 1). He also conceded that, on August 20, 2026, he pled guilty to "illegal entry into the United States in violation of 8 U.S.C. 1325(a)(2)." (***Id.***). Petitioner acknowledges that these developments "materially changed the posture of this case." (***Id.*** at p. 2). But he claims that he remains in immigration detention without bond. (***Id.***). He asks the Court to determine whether his request for relief still presents a live controversy. (***Id.***).

"Article III of the Constitution requires the existence of a case or controversy at all stages of litigation." ***Rivera v. Bank of Am., N.A.***, 993 F.3d 1046, 1049 (8th Cir. 2021). "When the

issues presented in a case are no longer live, the case is moot and is therefore no longer a 'Case' or 'Controversy' for purposes of Article III." ***Mille Lacs Band of Ojibwe v. Madore***, 128 F.4th 929, 940 (8th Cir. 2025) (internal quotation marks omitted); ***Already, LLC v. Nike, Inc.***, 568 U.S. 85, 91 (2013). "Even if a court has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power, i.e., the court should treat the case as moot for prudential reasons." ***Ali v. Cangemi***, 419 F.3d 722, 724 (8th Cir. 2005) (cleaned up).

The pleadings here discuss the lawfulness of Petitioner's detention pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A). (**Doc. 1**, p. 11-17); (**Doc. 5**, p. 2). Petitioner asks the Court for immediate release or a bond hearing under 8 U.S.C. § 1226 while removal proceedings progress. (**Doc. 1**, p. 20). He anchors his constitutional argument in the anticipated length of detention pending those proceedings. (***Id.*** at p. 16). But the statutory basis for Petitioner's detention changed after he received a final removal order. *See* **8 U.S.C. § 1231**. And with it, the constitutional analysis. *See* ***Castaneda v. Perry***, 95 F.4th 750, 760 (4th Cir. 2024) (tying the constitutional analysis for detention under Section 1231 to the statutory analysis); ***Baynee v. Bondi***, 131 F.4th 823 (8th Cir. 2025) (Colloton, J., dissenting from denial of rehearing en banc) ("The government's reason for detaining a person is highly relevant to whether the detention is constitutional."). "Whether [Petitioner's] detention under [Section 1225(b)(2)(A)] violated his due process rights is no longer a live issue." ***Baynee***, 131 F.4th 823 (Colloton, J., dissenting from denial of rehearing en banc).

This case is DISMISSED as MOOT because the issues presented are no longer live.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2026